IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDGAR VALDEZ-VILLAREAL<br>    AKA LA BARBIE<br>    AKA JUEDO | Criminal Action No.<br><br>1:09-CR-551-WSD |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

Pursuant to 21 U.S.C. § 853 and Federal Rules of Criminal Procedure 32.2(b), the United States of America (United States) files this Memorandum of Law in Support of its Motion for Preliminary Order of Forfeiture. In support, the United States shows the Court the following:

I. Facts and Procedural History

On January 6, 2016, defendant Edgar Valdez-Villareal pleaded guilty to Counts One, Two, and Nine of the Indictment, namely conspiracy to possess with the intent to distribute at least five (5) kilograms of cocaine, conspiracy to knowingly and intentionally importing at least five (5) kilograms of cocaine, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). [Doc 180-1]. The Indictment contained a forfeiture provision seeking forfeiture,

1

pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982, of certain property and the entry of personal money judgments equal to the amount of proceeds the Defendant obtained as a result of the drug trafficking offenses to which he pleaded guilty and equal to the amount of money involved in the money laundering offenses to which the Defendant pleaded guilty.   [Doc 44, pp. 8-11].

The Defendant is responsible for the distribution of 12,000 kilograms of cocaine.[1]   Additionally, from 2005 until 2007, the average sales price for a kilogram of cocaine in Atlanta, North Carolina, South Carolina, and Chicago was $16,500, and $17,000 in Memphis, although the price in Memphis dropped to $15,500 per kilogram.[2]   Based on an estimated average sales price of $16,000 per kilograms of cocaine, the United States submits that it is entitled to the entry of a preliminary order of forfeiture for a personal money judgment against Defendant in an amount of at least $192,000,000.[3]

---

[1] The Defendant did not file any objections to this quantity of cocaine.
[2] The Defendant did not file any objections to the per kilogram cost of cocaine.
[3] Because of the amount of proceeds involved in this case, the United States agrees not to seek a separate money judgment equal to the amount of money involved in money laundered.

2

The United States is filing the instant motion seeking the Court's determination of the amount of the money prior to the Defendant's sentencing scheduled for June 11, 2018.

## II. Applicable Law

With this motion, the United States asks the Court to issue a Preliminary Order of Forfeiture entering a personal money judgment equal to the amount of proceeds the Defendant obtained as a result of the drug trafficking offenses to which he pleaded guilty.

The Court's jurisdiction in this matter is founded upon Rule 32.2(b) of the Federal Rules of Criminal Procedure, which provides in pertinent part:

> (1)(A)   As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. . . . If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.(B) The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.  If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2)(A)     If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(B)     Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

Once a court determines what property is subject to forfeiture, it enters a preliminary order of forfeiture. Fed. R. Crim. P. 32.2(b)(2). The preliminary order of forfeiture becomes final as to the defendant at sentencing unless the defendant consents to an earlier date. Fed. R. Crim. P. 32.2(b)(4).

### III. Argument

In the instant case, the United States submits that it is entitled to the entry of preliminary order of forfeiture of a personal money judgment against the Defendant in an amount of at least $192,000,000.

21 U.S.C. § 853 provides, in pertinent part:

> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by

>imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law . . . any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; . . . any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. . . . In lieu of a fine otherwise authorized by this part, a defendant who derives profits or other proceeds from an offense may be fined not more than twice the gross profits or other proceeds.

21 U.S.C. § 853(a).

Under 21 U.S.C. § 853, the term "proceeds" means the gross receipts of a defendant's drug trafficking activity, not the profits he earned. *United States v. Keeling*, 235 F.3d 533, 537 (10th Cir. 2000) (stating that "for purposes of § 853, 'proceeds' contemplates gross proceeds and not merely profits"); *United States v. Bucci*, 582 F.3d 108, 122-24 (1st Cir. 2009) (declining to subtract from the money judgment the cost the defendant paid for the drugs he later sold); *United States v. McHan*, 101 F.3d 1027, 1041-42 (4th Cir. 1996) (concluding that proceeds § 853 means "gross proceeds" rather than "net profit" based, in part, on the legislative history of the statute and Congress's use of both "proceeds" and "profit" within the statute and finding that the cost the defendant paid to purchase the drugs is forfeitable as facilitating property); *United States v. Holzendorf*, 576 F. App'x 932,

5

937-38 (11th Cir. 2014) (concluding that the "district court did not err by entering a forfeiture judgment in the amount of the gross proceeds because that is just what § 853 requires"); *United States v. Heilman*, 377 F. App'x 157, 210-12 (3d Cir. 2010) (finding that the term "proceeds" in § 853 means "gross receipts," not "profit").

Consequently, a court can determine the amount of a money judgment by multiplying the quantity of drugs sold by the price the defendant charged for those drugs. *See United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011) (finding that the government had shown by a preponderance of the evidence that it was entitled to a money judgment of more than $3 million by proving the amount of drugs sold during the conspiracy and then multiplying the quantity by the "price it could have commanded"); *United States v. Alexander*, 714 F.3d 1085, 1092-93 (8th Cir. 2013) (providing that the district court may rely on the quantities and prices of the drugs sold, the frequency of sales, and the length of the conspiracy to calculate the amount of the money judgment); *United States v. Crews*, 885 F.Supp.2d 791, 793 (E.D. Pa. Aug. 14, 2012) ("The Government is thus entitled to a forfeiture money judgment for the proceeds that the Defendants received from the drug trafficking conspiracy and for the amount of money that the Defendants spent to purchase cocaine in furtherance of that conspiracy. . . . We calculate the amount of money

to be forfeited as proceeds of the conspiracy pursuant to 21 U.S.C. § 853(a)(1) by multiplying the amount of drugs the defendant sold by the price he charged for those drugs."); *United States v. Odom*, 2007 WL 2433957, *7 (S.D. Miss. Aug. 22, 2007) (calculating the amount of a money judgment by multiplying the street value of cocaine by the amount purchased by the defendant for distribution); *United States v. Harrison*, 2001 WL 803695, **1-2 (N.D. Ill. 2001) (finding that the government is entitled to a money judgment for the amount the defendant used to facilitate his drug offense, including the amount of funds he used to purchase the drugs).

In the instant case, based on the Defendant's guilty plea, the United States contends that it is entitled to a money judgment of at least $192,000,000. First, the Defendant is accountable for the drug conspiracy to which he pleaded, which involved 12,000 kilograms of cocaine, and the Defendant could have sold the cocaine for an estimated average sales price of $16,000 per kilogram.[4] Thus, the amount of drug proceeds the Defendant generated from the drug trafficking activities to which he pleaded guilty is at least $192,000,000. *See Keeling*, 235 F.3d

---

[4] A sales price of $16,000 per kilogram is a conservative estimate. The Defendant likely received a higher price per kilogram.

7

at 537; *Bucci*, 582 F.3d at 122-24; *McHan*, 101 F.3d at 1041-42; *Roberts*, 660 F.3d at 166; *Alexander*, 714 F.3d at 1092-93.  Moreover, there is no evidence that the Defendant had sufficient legitimate income to purchase the cocaine, and even if he did, those funds would still be subject to forfeiture as property used to facilitate his drug trafficking activities.  *See McHan*, 101 F.3d at 1041-42; *Harrison*, 2001 WL 803695 at **1-2.  Therefore, the United States submits that it is entitled to a money judgment of at least $192,000,000.

## IV. Conclusion

WHEREFORE, the United States respectfully requests that the Court issue a preliminary order of forfeiture entering a money judgment against the Defendant in the amount of $192,000,000.  A proposed Preliminary Order of Forfeiture is attached to this motion.

/
/
/
/
/
/

This 4th day of June, 2018.

        Respectfully submitted,

        BYUNG J. PAK
        UNITED STATES ATTORNEY

        <u>/s/ Michael J. Brown</u>
        MICHAEL J. BROWN
        ASSISTANT UNITED STATES ATTORNEY
        Georgia Bar No.: 064437
        75 Ted Turner Drive, S.W., Suite 600
        Atlanta, Georgia 30303
        Telephone: (404)581-6131
        Fax: (404)581-6181
        michael.j.brown2@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

June 4, 2018

/s/ Michael J. Brown
MICHAEL J. BROWN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No.: 064437
