**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| EDGAR VALDEZ-VILLAREAL, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:09-CR-0551-LMM-RDC-1 |
| UNITED STATES, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:19-CV-3017-LMM-RDC |

**<u>UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION</u>**

The matter is before the Court on Movant's motion voluntarily to dismiss without prejudice his 28 U.S.C. § 2255 motion. (Mot. for Voluntary Dismissal, ECF No. 399).

The party who has filed an action may dismiss that action without a court order before service of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1). At this time, Respondent has not filed a response to the motion to vacate. Accordingly, Movant is entitled to dismiss this action.

For informational purposes, the Court observes that relief under § 2255 is governed by a one-year limitations period, which runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  After this action is dismissed, it appears that Movant will no longer be able to rely on application of subsection 2255(f)(1) as more than one year will have passed since his conviction became final, whether counting from August 7, 2018 (when he voluntarily dismissed his direct appeal), (USCA Clerk's Entry of Voluntary Dismissal, ECF No. 317), or November 5, 2018 (on expiration of his time to seek *certiorari* in the United States Supreme Court, if Movant still could do so after voluntary dismissal of his direct appeal), see Sup. Ct. R. 13.  Although at least one court has found that the court has no duty to warn a movant about a limitations issue before granting a voluntary dismissal, United States v. Tamfu, 3:01-CV-1719-P, 2002 WL 31452410, at *7 (N.D. Tex. Oct. 5, 2002), this Report and Recommendation nonetheless provides notice to Movant on the limitations issue.

2

Movant has moved to dismiss this action before the filing of an answer-response by Respondent, and the Court finds that Movant's motion is due to be granted.[1]  As the dismissal of this action will moot the need for a response, the Court's prior Order, with extensions of time, to show cause why the motion to vacate should not be granted shall be withdrawn.  (See Order of July 22, 2019 at 2, ECF No. 367; Order of Oct. 23, 2019 at 3-4, ECF No. 382; Order of Jan. 23, 2020 at 2, ECF No. 396; Order of Jan. 30, 2020, ECF No. 398). [2]

Accordingly,

**IT IS ORDERED** that the Court's previous Order, with extensions of time, for Respondent to show cause and to file a redacted copy of the May 7, 2018 transcript is **WITHDRAWN**.

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**.

---

[1] As indicated in the attached Service Order, either party may object to this finding, and the District Court will review any such objections *de novo*.

[2] Respondent also was required to file a redacted copy of the May 7, 2018 transcript, which is sealed at docket entry 390.  The matter shall remain sealed at this time.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the 28 U.S.C. § 2255 motion to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this **7th** day of **February**, 2020.

                                              /s/REGINA D. CANNON
                                              REGINA D. CANNON
                                              UNITED STATES MAGISTRATE JUDGE